**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

PHH MORTGAGE CORPORATION,

Plaintiff,

6:26-cv-87
(ECC/CBF)

v.

EMILY RUTH SMITH; "JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint,

Defendants.

---

Orit Avraham, Esq., *for Plaintiff*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff PHH Mortgage Corporation (Plaintiff) brings this diversity action against Defendant Emily Ruth Smith (Smith) pursuant to Article 13 of the New York Real Property Actions and Proceeding Law (RPAPL) seeking to foreclose a mortgage encumbering 65 Prospect Street, Utica New York 13501 in Oneida County (the Subject Property). *See* Complaint (Compl.) ¶¶ 1, 3, 4, Dkt. No. 1. Smith has failed to answer the complaint or otherwise appear in this action.[1]

---

[1] Plaintiff also brought this action against "John Doe #1" through "John Doe #12," but now seeks to remove these defendants. *See* Declaration of Orit Avraham, Esq. (Avraham Decl.) ¶¶ 18–19, Dkt. No. 20-2. Given that none of the Doe defendants have been identified and served with the summons and complaint and that it has been more than ninety days since the complaint has been filed, the Doe defendants are dismissed. *See* Fed. R. Civ. P. 4(m).

Upon Plaintiff's application, the Clerk issued an entry of default against Smith on April 8, 2026. *See* Dkt. No. 12.

Presently before the Court is Plaintiff's motion for default judgment and judgment of foreclosure and sale, appointment of a referee and award of attorneys' fees and costs. *See* Dkt. No. 20. For the following reasons set forth below, Plaintiff's motion is denied.

## I. FACTS[2]

Plaintiff is a New Jersey corporation with its principal office located in Mount Laurel, New Jersey. Compl. ¶ 2.

On January 25, 2023, Smith executed and delivered a promissory note in the principal amount of $100,000.00 (the Note), secured by a mortgage on the Subject Property (the Mortgage), to Mortgage Electronic Registration Systems, Inc. as nominee for Homestead Funding Corporation. *See* Compl. ¶ 8(a); Note, Dkt. No. 1-2; Mortgage, Dkt. No. 1-3. On January 26, 2023, the Mortgage was duly recorded with the Oneida County Clerk in Instrument Number 2023-001240. *See* Compl. ¶ 8(a); Note. Thereafter, on March 5, 2025, the Mortgage was assigned from Mortgage Electronic Registration Systems, Inc. as nominee for Homestead Funding Corporation to PHH Mortgage Corporation by Assignment of Mortgage recorded March 5, 2025, in Instrument Number 2025-002436. *See* Compl. ¶ 8(b); Dkt. No. 1-4.

Under the Note, Smith was obligated to make monthly principal and interest payments totaling $591.54, plus taxes and insurance, starting on March 1, 2023. *See* Note ¶ 3. If Smith failed to make a payment on the date a monthly payment was due, Smith would be in default. *See id.* at ¶ 6(B). If Smith defaulted, the Note holder could exercise the right to force immediate

[2] The following facts are drawn from Plaintiff's complaint, supporting affidavit, and accompanying exhibits, and are accepted as true for the purposes of this motion.

payment of the full amount of the remaining principal and "all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law," including reasonable attorneys' fees. *Id.* at ¶¶ 6(C), (E).

Plaintiff alleges that Smith defaulted under the Mortgage by failing to make the required monthly payments since August 1, 2025, leaving an outstanding principal balance of $98,903.31. *See* Compl. ¶¶ 11, 17(a); Avraham Decl. ¶ 5. On August 6, 2025, Plaintiff mailed a 90-day Notice pursuant to RPAPL §1304 to Smith via First-Class Mail and Certified Mail, and filed the 90-day Notice with the New York State Department of Financial Services in accordance with RPAPL § 1306(2). *See* Compl. ¶ 14; *see also* Dkt. No. 1-5.

On January 16, 2026, Plaintiff commenced this action to foreclose on the Subject Property. *See* Compl. ¶ 11. Smith was served with the summons and complaint on March 7, 2026. *See* Dkt. No. 5. She failed to appear in the action. On April 8, 2025, the Clerk of the Court entered a Certificate of Default against Smith.[3] *See* Dkt. No. 12. On May 26, 2026, Plaintiff moved for default judgment. *See* Dkt. No. 20. In support of the motion, Plaintiff submitted a declaration, affirmation, and a variety of exhibits, including payment and billing records. Smith was served with the motion for default judgment, *see* Dkt. No. 20-22, and she did not respond.

## II. DISCUSSION

### A. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure articulates the process for entry of a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a). *See id.*; *see also* Fed R. Civ. P. 55(a) ("When

[3] Smith was also served with Plaintiff's request for a certificate of default, and the Clerk's entry of default. Dkt. Nos. 11-2, 14.

a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). This step is not discretionary. *See United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017) (summary order). Second, the plaintiff may apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(b)(2).

Default judgments are "generally disfavored" because of the Second Circuit's "oft-stated preference for resolving disputes on the merits," *Enron Oil*, 10 F.3d at 95–96. When considering a default judgment motion, "a court is required to accept all [ ] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Doe v. Rees*, No. 24-cv-274 (MAD/ML), 2025 WL 834786, at *4 (N.D.N.Y. Mar. 17, 2025) (quoting *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotations and citations omitted)); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) (summary order) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (internal quotations and citations omitted).

### B. Liability of Defendants on Mortgage Foreclosure Claim

#### 1. Common Law Elements of Foreclosure Action

"Under New York law, 'to foreclose on a mortgage, a plaintiff must demonstrate (1) the existence of a mortgage; (2) ownership of the mortgage; and (3) the defendant's default in payment on the loan [secured by the mortgage].'" *1S REO Opportunity 1, LLC v. Shepard Towers LLC*, No. 25-cv-1710, 2026 WL 678299, at *5 (E.D.N.Y. Feb. 23, 2026) (quoting *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Kings Cnty. Pub. Admin.*, No. 22-cv-07925, 2023 WL 7169000, at *3

(E.D.N.Y. Sept. 13, 2023)); *see also OneWest Bank, N.A. v. Hawkins*, No. 14 cv 4656, 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015) (citing *Campaign v. Barba*, 23 A.D.3d 327, 327 (2d Dep't 2005)); *Greystone Bank v. Skyline Woods Realty, LLC*, 817 F. Supp. 2d 57, 62 (N.D.N.Y. 2011) (noting that summary judgment in a mortgage foreclosure action is appropriate where the plaintiff produces the note and mortgage, "along with proof that the Mortgagor failed to make the payments due under the Note"). "Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a *prima facie* entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence." *1S REO Opportunity 1, LLC*, 2026 WL 678299, at *5 (citing *Sec'y of U.S. Dep't of Hous. & Urb. Dev.*, 2023 WL 7169000, at *3).[4]

Here, Plaintiff has produced copies of the Note, Mortgage, and assignment, and they demonstrate the borrower's obligations. The Note, Mortgage, and accompanying documents also demonstrate that the borrower owed a debt, and that Plaintiff owns the Note and Mortgage. *See id.* (citing *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 415 (E.D.N.Y. 2018) (finding that "copies of the Mortgage, Note, allonges, and chain of assignments" was "evidence . . . that establishes a *prima facie* case of entitlement to judgment")). Plaintiff also has demonstrated that the borrower defaulted by not making the required monthly payments beginning August 1, 2025. *See* Compl. ¶¶ 11, 16; Avraham Decl. ¶ 5; *see also Gustavia Home*, 321 F. Supp. 3d at 415 (finding that affidavit stating that "defendant . . . failed to cure the default" was sufficient proof of

[4] Plaintiff has standing to bring this mortgage foreclosure action because it has demonstrated that, at the time of commencement, it was the holder of the Note. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) ("Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" (quoting *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980, 981 (2d Dep't 2015))).

borrower's default). Smith's default allowed Plaintiff to accelerate the loan and require that the total outstanding principal be paid. *See* Note ¶¶ 6(C), (E).

Smith has not appeared in this case, and she has therefore not attempted to meet her burden of rebutting Plaintiff's *prima facie* case. *See 1S REO Opportunity 1, LLC*, 2026 WL 678299, at *5 (citing *Kings Cnty. Pub. Admin.*, 2023 WL 7169000, at *3; *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Nassau Cnty. Pub. Admin. as Admin. of the Estate of Ella Mae Key a/k/a Mae Key, Deceased*, No. 19-cv-3547, 2023 WL 2421676, at *7 (E.D.N.Y. Feb. 9, 2023)).

**2. Pre-Foreclosure Procedures**

"Article 13 of the RPAPL provides for certain requirements that must be complied with in a foreclosure action, even in federal court." *Federal Bank v. Louis,* No. 24-cv-7950, 2025 WL 1474155, at *3 (E.D.N.Y. May 15, 2025); *see, e.g.*, *OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015); *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 333–34 (E.D.N.Y. 2024). These service and filing requirements include: (1) the making of an "affirmative allegation" in the complaint that the plaintiff has "complied with all of the provisions of section five hundred ninety-five-a of the banking law and any rules or regulations promulgated thereunder" pursuant to RPAPL § 1302, (2) service of the statutory notice on the mortgagor with the summons and complaint pursuant to RPAPL § 1303, (3) service of the statutory notice required by RPAPL § 1304 on the mortgagor prior to commencing the action, (4) filing the required information with the superintendent of the New York State Department of Financial Services under RPAPL § 1306, (5) service of a summons containing specified language under RPAPL § 1320, and (6) filing the notice of pendency in compliance with RPAPL § 1331 and New York Civil Practice Law and Rules (CPLR) § 6511(a). *See PHH Mortg. Corp. v. Rossi*, No. 25-cv-948 (BKS/ML), 2026 WL 1162605, at *2 (N.D.N.Y.

Apr. 29, 2026) (internal footnotes omitted); *Nationstar Mortg. LLC v. Bernstein*, No. 23-cv-861 (ECC/ML), 2025 WL 624949, at *4 (N.D.N.Y. Feb. 26, 2025).

**a. RPAPL § 1302**

RPAPL § 1302(1)(b) requires that "[a]ny complaint served in a proceeding initiated on a residential mortgage covering a one to four family dwelling" contain an "affirmative allegation that at the time the proceeding is commenced, the plaintiff . . . has complied with all of the provisions of section five hundred ninety-five-a of the banking law and any rules and regulations promulgated thereunder, and section six-l or six-m of the banking law, for loans governed by section six-l or six-m of the banking law, and section thirteen hundred four of this article for all residential mortgage loans covering a one to four family dwelling."

Here, Plaintiff's action relates to an owner-occupied one-to-four family dwelling. *See* Dkt. No. 1-5 at 2 (describing property type as "1 to 4 Family Home"). The complaint alleges that "[P]laintiff has complied with all the provisions of Section 595a of the Banking Law and any rules and regulations promulgated thereunder, and Section 6-1 or 6-m of the Banking Law and RPAPL §1304, except where it is exempt from doing so." Compl. ¶ 15. Accordingly, Plaintiff has shown its compliance with RPAPL § 1302.

**b. RPAPL § 1303**

As relevant here, Section 1303 requires the foreclosing party in a mortgage foreclosure action involving residential property to provide a notice to "any mortgagor if the action relates to an owner-occupied one-to-four family dwelling." RPAPL § 1303(1)(a). This notice must be "delivered with the summons and complaint," "on its own page" which is "printed on colored paper," and have particular formatting. *Id.* § 1303(2).

Here, the complaint and the affidavit of service on Smith are contradictory. The affidavit of service states that she was served with a "Homeowners Foreclosure Notice as required by

RPAPL 1303." *See* Dkt. No. 5. However, the RPAPL § 1303 notice attached to the complaint, Dkt. No. 1-8, is not the "Help for Homeowners in Foreclosure" notice required to be served on a mortgagor, *see* RPAPL § 1303(1)(a), (3), but rather is a "Notice to Tenants of Buildings in Foreclosure" which is a separate notice required to be given to tenants of one-to-four family dwellings, *id.* § 1303(1)(b), (5). Thus, Plaintiff has not established its compliance with RPAPL § 1303 because the record does not demonstrate that Plaintiff served Smith with the correct statutory notice. *See PHH Mortg.*, 2026 WL 1162605, at *3.

**c. RPAPL § 1304**

RPAPL § 1304(1) requires a lender, assignee, or mortgage loan servicer of a home loan to give a statutory notice to the borrower at least ninety days before commencing a foreclosure action. That notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." *Id.* § 1304(2). Plaintiff alleges that it "complied with RPAPL §1304" and attaches to its complaint copies of the Section 1304 notices that were mailed to Smith by both certified and first-class mail. *See* Compl. ¶ 14; Dkt. No. 1-5 at 4–22. Further, the notices were mailed in August 2025, more than ninety days prior to commencing suit. Dkt. No. 1-5 at 4–22. Accordingly, Plaintiff has shown its compliance with RPAPL § 1304.

**d. RPAPL § 1306**

RPAPL § 1306 requires that a plaintiff file certain information with the Superintendent of Financial Services within three business days of mailing the notice required by Section 1304. "Each filing delivered to the superintendent shall be on such form as the superintendent shall prescribe, and shall include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage . . . ." *Id.* § 1306(2).

Here, Plaintiff alleges that it complied with RPAPL § 1306 and submits a Proof of Filing Statement from the New York State Department of Financial Services. Compl. ¶ 14; Dkt. No. 1-5 at 2–3. Although Plaintiff's filing statement was timely filed within three business days of mailing the 90-day notice required by Section 1304, it is not clear that Plaintiff has fully complied with Section 1306. Specifically, the borrower's phone number appears to have been redacted in the Proof of Filing Statement submitted. The record "does not reflect why a telephone number for the mortgagor is not visible," and telephone numbers "are not among the categories of information that Rule 5.2 [of the Federal Rules of Civil Procedure] allows parties to redact without leave of Court." *PHH Mortg.*, 2026 WL 1162605, at *4 (citation omitted).

"'The purpose of the borrower information on the RPAPL § 1306 form is to assist mortgage counselors working with the Department [of Financial Services] to contact the Borrower,' and courts have required strict compliance with this provision." *Id.* (citations omitted). Accordingly, any renewed motion for default judgment must contain proof of full compliance with Section 1306.

**e. RPAPL § 1320**

Under RPAPL § 1320, the summons in an "action to foreclose a mortgage on a residential property containing not more than three units" must contain a specified notice in boldface. The summons issued by the Court in this case does not contain the Section 1320 language. Although Plaintiff filed the Section 1320 notice as an exhibit to the complaint, the record does not establish that this notice was served with the summons and complaint. The affidavit of service on Smith indicates that she was served with the summons, complaint, certificate of merit, and Section 1303 notice. Dkt. No. 5. Because the affidavit of service specifically lists out the certificate of merit and Section 1303 notice, which were also filed as exhibits to the complaint, but not the Section 1320 notice, the Court will not infer that the Section 1320 notice was served with the summons. Accordingly, Plaintiff has not shown compliance with RPAPL § 1320. *See PHH Mortg.*, 2026

WL 1162605, at *4 (concluding that the plaintiff had not shown compliance with Section 1320 where the record did not "establish that th[e] notice was served with the summons and complaint").

**f. RPAPL § 1331 and CPLR § 6511(a)**

Finally, RPAPL § 1331 requires that a plaintiff file a notice of pendency of the foreclosure action, as well as a copy of the complaint, in the clerk's office of the county where the subject property is located at least twenty days before a final judgment directing a sale is rendered. *See* RPAPL § 1331; CPLR § 6511(a) ("Unless it has already been filed in that county, the complaint shall be filed with the notice of pendency.").

Here, Plaintiff provided evidence that the notice of pendency was filed with the Oneida County Clerk on May 14, 2026. Dkt. No. 20-14. Although the notice of pendency Plaintiff submitted does not include the complaint, Plaintiff's counsel attests that a copy of the complaint was filed with the notice of pendency. Avraham Decl. ¶ 9. The recording stamp on the notice of pendency also indicates that the document filed consists of 17 pages. Dkt. No. 20-14 at 2. *See PHH Mortg.*, 2026 WL 1162605, at *4. Thus, Plaintiff has complied with RPAPL § 1331 and CPLR § 6511.

**C. Relief**

Even if the Court were to find that Plaintiff had established liability, Plaintiff has not provided the Court sufficient information to determine damages to a reasonable certainty. Although the allegations of a complaint concerning liability are deemed admitted upon entry of default, allegations relating to damages are not. *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). Rather, a court must ensure that there

is an evidentiary basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

First, Plaintiff has not provided sufficient explanation as to the issue of acceleration. In the complaint, Plaintiff "hereby declares that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable." Compl. ¶ 13. Although the notice of default sent to Smith references the possibility of "acceleration of the debt," *e.g.*, Dkt. No. 20-10 at 4, there is no documentation or other evidence before the Court suggesting that Smith's debt was, in fact, accelerated prior to the filing of the complaint on January 16, 2026. Where a note is "payable in installments, 'separate causes of action accrue[] for each installment that is not paid . . . .'" *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 8 F.4th 74, 78 (2d Cir. 2021). Plaintiff has not explained how, if the debt was not accelerated until January 16, 2026, it is entitled to interest on the *entire* unpaid principal balance from July 1, 2025[5] to March 24, 2026. Rather, it would be entitled to interest on each unpaid installment beginning on its due date only until the date of acceleration.

Second, Plaintiff has not adequately supported its request for attorney's fees of $6,800.00 and costs of $930.00. *See* Avraham Decl. ¶ 14; Dkt. No. 20-18. In a declaration, Plaintiff's counsel states that the Mortgage entitles Plaintiff to "reasonable fees for the services rendered in connection with this action," Dkt. No. 20-20 ¶ 3, and itemizes the 25.5 hours spent on this matter, at a rate of $330.00, *id.* at ¶¶ 4, 6. However, while counsel states that his hourly rate for foreclosure matters is $330.00, Plaintiff is being charged a flat rate of $6,800.00 for this matter. *Id.* at ¶¶ 5, 6.

[5] The complaint alleges that Smith failed to make monthly payments due on August 1, 2025, Compl. ¶ 11, while the documentation provided with the motion for default judgment seeks interest due from July 1, 2025 through March 24, 2026, Dkt. Nos. 20-2 ¶ 13, 20-4 at 1.

Flat rates such as the one sought here, are disfavored in the Second Circuit. *See e.g.*, *Wells Fargo Bank Nat'l Ass'n as Tr. for Holders of Comm 2014-UBS6 Mortg. Tr. Com. Mortg. Pass-Through Certificates v. 366 Realty LLC*, 725 F. Supp. 3d 272, 297 (E.D.N.Y. 2024) (discussing that generally this Circuit does not award attorneys' fees that request flat fees); *Nationstar Mortg. LLC v. Atanas*, 285 F. Supp. 3d 618, 624 (W.D.N.Y. 2018) (collecting cases). When flat fees are agreed upon, Courts still analyze whether such fees are reasonable using the lodestar method but only if contemporaneous time records are provided. *See Onewest Bank, N.A. v. Cole*, No. 14-cv-03078, 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015). The Court does not find that the declaration is sufficient, absent contemporaneous billing records, and attorneys' fees should not be awarded without such a cross-check. *See Mack Financial Servs. v. Poczatek*, No. 10-cv-3799, 2011 WL 4628695, at *10 (E.D.N.Y. Aug. 30, 2011), *report and recommendation adopted in part*, No. 10-cv-3799, 2011 WL 4628692 (E.D.N.Y. Sept. 30, 2011) (internal citations and quotations omitted) ("In general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that 'attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done."). Therefore, any renewed motion for default judgment should include the required supporting documentation for the request of attorneys' fees.

In light of the above deficiencies, the Court denies Plaintiff's motion for default judgment without prejudice and grants Plaintiff leave to file a renewed motion for default judgment within 30 days of this Memorandum-Decision and Order. Plaintiff is advised that this Memorandum-Decision and Order should be not be construed as an exhaustive list of the deficiencies in Plaintiff's filings.

## III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment, Dkt. No. 20, is **DENIED without prejudice**; and it is further

**ORDERED** that, to the extent Plaintiff seeks to renew its motion for default judgment, curing the deficiencies identified, it must file a renewed motion within thirty days of the date of this decision. If Plaintiff concludes that it is unable to proceed on this record it must notify the Court within thirty days of the date of this Decision; and it is further

**ORDERED** that the Clerk of Court terminate Defendants John Doe #1 through John Doe #2; and it is further

**ORDERED** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 29, 2026

Elizabeth C. Coombe
U.S. District Judge